UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20233-CR-ALTONAGA/DAMIAN

UNITED STATES OF AMERICA,

v.

SHAKERIO MICHAEL JONES,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    THIS CAUSE is before the Court following an Order of Reference from the Honorable Cecilia M. Altonaga, Chief United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant Shakerio Michael Jones ("Defendant") [ECF No. 20]. Based upon the change of plea hearing conducted on September 22, 2023, the undersigned makes the following findings and recommends that the guilty plea be accepted.

    1.    The undersigned advised Defendant of his right to have these proceedings conducted by Judge Altonaga, the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of Reference from Judge Altonaga. I further advised Defendant that Judge Altonaga would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Altonaga. Defendant, who stated that he had discussed his right to have the hearing conducted by the District Judge with his attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2. Defendant was placed under oath and appeared before the undersigned personally in open court. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

3. Defendant was advised of his rights as set forth in Federal Rule of Criminal Procedure 11(b)(1)(B)–(E), and he acknowledged that he understood those rights, discussed them with his counsel, and was knowingly and voluntarily waiving them.

4. Defendant indicated he was knowingly and voluntarily pleading guilty to Count 1 of the Indictment filed in this case, which charges him with bringing aliens into the United States, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(i) and 1324(a)(1)(A)(v)(II). [ECF No. 9]. I advised Defendant the maximum penalty the Court may impose is a sentence of up to ten (10) years' imprisonment, followed by a term of supervised release of up to three (3) years. I further advised Defendant that, in addition to any term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, and the Court will assess a mandatory special assessment of $100.00, which is due at the time of sentencing. Defendant acknowledged that he understands the possible penalties the Court may impose, including the maximum penalties, in addition to potential forfeiture, restitution, and the potential for immigration consequences including deportation or removal.

5. Defendant also acknowledged that he understands the Sentencing Guidelines and that he has discussed with his attorney the applicable guidelines range, as well as applicable departures.

6. Defendant stated that his decision to plead guilty is voluntary and not the result of force, threats, or promises.

7. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. [ECF No. 23]. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant and his counsel agreed that the facts proffered by the Government satisfy all elements of the crime charged, and Defendant and his counsel agreed the Government had provided evidence in discovery that supports the facts proffered by the Government.

8. The parties entered into a written plea agreement that was thereafter filed with the Court. [ECF No. 24]. The plea agreement includes certain terms agreed by the parties.

9. I reviewed the terms of the written plea agreement on the record, including the following: Defendant will plead guilty to Count 1 of the Indictment, and the Government will seek dismissal of Counts 2 through 26 at sentencing; and the parties agree to a two or three level reduction to Defendant's base offense level under Section 3E1.1 of the Sentencing Guidelines based on acceptance of responsibility as long as Defendant complies with the obligations set forth in the plea agreement. There were no other agreements regarding application of the Sentencing Guidelines or other enhancements or reductions that may be raised at the time of sentencing.

10. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney.

11. Defendant further acknowledged that he understands that in the event the District Judge does not accept the parties' recommendations or sentences him to terms that are greater than he anticipated, that will not be grounds for withdrawal of his guilty plea.

12. Defendant acknowledged that forfeiture is a potential penalty, but the parties acknowledged there is presently no agreement between Defendant and the United States regarding property constituting or derived from proceeds of the crime to which Defendant is pleading guilty, including substitute property. The attorney for the United States indicated that the United States has identified a vessel and United States and Bahamian currency for forfeiture and, therefore, will likely seek forfeiture. The undersigned directed counsel for the United States to prepare a preliminary order of forfeiture identifying assets the United States seeks to forfeit and to provide a copy to the Defendant prior to submitting to the Court. The undersigned further advised the parties that the issue of forfeiture will be addressed by the presiding District Judge.

13. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charge and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

14. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Count 1 of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offense as charged.

15. A pre-sentence investigation report will be prepared for the District Court by the United States Probation Office. The sentencing date will be set by separate order.

The parties will have three (3) business days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the

United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 22nd day of September, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Cecilia M. Altonaga, *Chief U.S. District Judge*
Counsel of Record